UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No: 5:21-cv-570-JSM-PRL

TRI-ACK PROPERTY
MANAGEMENT, INC., DEBORAH
D'ANNA and MARION COUNTY
TAX COLLECTOR,

    Defendants.

## ORDER

This is an action to reduce to judgment federal income tax liabilities for the 2008 tax year. (Doc. 1). Plaintiff, the United States of America, has filed a Notice of Noncompliance and Motion for Default (Doc. 62) informing the Court that Defendants Tri-Ack Property Management and Deborah D'Anna failed to comply with the Court's September 30, 2024 Order directing them to respond to the United States' Second Set of Interrogatories and Second Set of Requests for Production. Specifically, the Court Ordered:

> Within 14 days of the date of this Order, Defendant Deborah D'Anna shall serve upon Plaintiff full and complete responses to Plaintiff's second set of interrogatories. Also within 14 days of this Order, Defendants Deborah D'Anna and Tri-ack Property Management, Inc., shall serve upon Plaintiff full and complete responses to Plaintiff's second set of requests for production.

(Doc. 61). The United States accurately asserts that, despite having since May 15, 2024 to reply to the discovery requests, despite numerous attempts on behalf of the United States to obtain the discovery, and despite being recently ordered by the Court to provide the outstanding discovery, Defendants Tri-Ack Property Management and Deborah D'Anna

have failed to respond. Indeed, there has been no filing in this case on behalf of any of the Defendants since the entry of the Court's Order on September 30, 2024. (Doc. 61).

The United States therefore requests that the Court deem that Defendants' defenses are abandoned and direct the Court to enter default against the Defendants under Rule 55(a) of the Federal Rules of Civil Procedure, and that the United States be given 30 days after entry of default to move for a default judgment.

Courts in this District recognize that a party is deemed to have abandoned their defenses when they have "failed to respond to discovery, failed to respond to motions, failed to comply with a Court Order directing discovery, and failed to cooperate with counsel." *Figueroa v. Image Rent A Car, Inc.,* No. 609-CV-1730-ORL-31DA, 2010 WL 3062195, at *1 (M.D. Fla. July 15, 2010), *report and recommendation adopted*, No. 609-CV1730-ORL-31DA, 2010 WL 3062108 (M.D. Fla. Aug. 2, 2010) (holding that "the record leaves no doubt that [defendant] has abandoned its defense" where defendant displayed a pattern of non-responsiveness); *Anguelov v. Event Parking, Inc.,* No. 2:16-CV-273-FTM-99CM, 2016 WL 11096904, at *2 (M.D. Fla. Dec. 28, 2016), *report and recommendation adopted*, No. 2:16-CV-273-FTM-99CM, 2017 WL 8790974 (M.D. Fla. Jan. 17, 2017) (finding that defendants "have forfeited their defense" where they "failed to comply with the Court's Orders) (citing *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006)). Failure to respond to discovery and to abide by the Court's orders "evidence[] a complete abandonment of [defendants'] defense in [their] case. *United States v. Covington*, No. 8:13-CV-1170-T-35TBM, 2014 WL 5139199, at *2 (M.D. Fla. May 14, 2014), *report and recommendation adopted*, No. 8:13-CV-1170-T-35TBM, 2014 WL 5139201 (M.D. Fla. June 12, 2014). Where a defendant is deemed to have abandoned their defenses by nonresponsiveness, default is an appropriate remedy.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P. 55(a).

As the United States accurately observes, Defendants Tri-Ack Property Management and Deborah D'Anna have failed to: (1) respond to the United States' second set of interrogatories and requests for production; (2) respond or otherwise defend themselves against the United States' Motion to Compel; and (3) comply with the Court's Order compelling discovery responses. The undersigned agrees that this pattern of non-responsiveness is tantamount to an abandonment of their defenses, and that entry of default is appropriate.

Accordingly, upon due consideration and pursuant to Rule 55 of the Federal Rules of Civil Procedure, the United States' Motion for Default (Doc. 62) is GRANTED. The Clerk is DIRECTED to enter default as to Defendants Tri-Act Property Management, Inc., and Deborah D'Anna. The United States shall then have 30 days from the Clerk's entry of default within which to move for a default judgment.

The Clerk is further DIRECTED to provide a copy of this Order directly to Defendants Tri-Ack Property Management, Inc., and Deborah D'Anna, as well as any attorney who has appeared on their behalf in this case, via both United States mail and electronic mail, using their last known address of record.

**DONE** and **ORDERED** in Ocala, Florida on November 19, 2024.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
Deborah D'Anna
Tri-Ack Property Management, Inc.